UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, | § § § | |
| v. | § § | CRIMINAL NO. 2:06-283 |
| CHARLES CASH, JR., <br> Defendant. | § § § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Charles Cash, Jr.'s Motion for Compassionate Release Pursuant to Section 3582(c)(1)(A)(i) and under Section 603 of the First STEP Act of 2018 / Related to the COVID-19 Pandemic. D.E. 32.

**I. BACKGROUND**

In 2006, Defendant pled guilty to possession with intent to distribute 1,186 kilograms of marijuana. He has served 181 months (69%) of his 262-month sentence and has a projected release date, after good time credit, of December 16, 2024. Defendant previously moved the Court for compassionate release because he wanted to be the primary caregiver for his ailing mother and stepfather, but his motion was denied. *See.* D.E. 30, 31. He now moves the Court for compassionate release because his age and underlying medical conditions make him particularly vulnerable to severe illness or death should he contract COVID-19 in prison. His written request for compassionate release was denied by the Warden of FCI Greenville on December 14, 2020.

**II. LEGAL STANDARD**

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—

> (1) in any case—
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>> (i) *extraordinary and compelling reasons warrant such a reduction . . .* and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

"Neither the [U.S. Sentencing Commission's compassionate-release] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Although "not dispositive," the commentary to U.S.S.G. § 1B1.13 nonetheless "informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, — Fed. App'x —, 2020 WL 6437288, at *2 (5th Cir. Nov. 2, 2020)).

> **(A) Medical Condition of the Defendant.—**
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>> (ii) The defendant is—
>>> (I) suffering from a serious physical or medical condition,
>>> (II) suffering from a serious functional or cognitive impairment, or
>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant. –**
The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C) Family Circumstances. –**
(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons. –**
As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature

and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

> With respect to motions for compassionate release based on COVID-19:
>
> > A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. . . . But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.
>
> The courts that granted compassionate release on those bases largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns. . . . Fear of COVID doesn't automatically entitle a prisoner to release.

*Thompson*, 984 F.3d at 434–35 (collecting cases) (footnotes and citations omitted).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

## III. ANALYSIS

Defendant is 51 years old and suffers from Barrett's esophagus without dysplasia, cervicalgia, dermatitis, dysphagia, gastro-esophageal reflux disease (GERD), hyperglycemia, osteoarthritis, hypertension, diet-controlled diabetes, and obesity. According to the Centers for Disease Control and Prevention, "obesity (BMI ≥30 kg/m2 but < 40 kg/m2)" and "possibly hypertension can make you more likely to get severely ill from COVID-19." *People with Certain Medical Conditions*, CDC (May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

Defendant claims to seek compassionate release based on "his vulnerability of contracting COVID-19 based upon his age and underlying health issues." D.E. 32, p. 15. He fails to mention, however, that he previously contracted COVID-19 and was deemed "recovered" as of October 29, 2020. *Id.*, p. 18. There is no evidence that Defendant ever became severely ill or is still suffering any effects of the virus. Even assuming he is not immune to reinfection,[1] FCI Greenville, where Defendant is incarcerated, currently has zero active COVID-19 case among inmates or staff. *See* https://www.bop.gov/coronavirus/ (last visited May 17, 2021). The BOP is also working with the CDC and the Federal Government's COVID-19 Vaccine/Therapeutics Operation to ensure the COVID-19 vaccine is "available to all staff and inmates who wish to receive it as quickly as possible." https://www.bop.gov/coronavirus/# (last visited May 17, 2021). As of May 17, 2021, 772 inmates (65%) at FCI Greenville have been fully vaccinated against COVID-19. *Id.* If Defendant has not already been offered a vaccine, he will be soon. On this record, the Court finds that extraordinary and compelling reasons do not exist that would

---

1. In a recent study funded in part by the National Institute of Health's National Institute of Allergy and Infectious Diseases and National Cancer Institute, "The researchers found durable immune responses in the majority of people studied . . . The immune systems of more than 95% of people who recovered from COVID-19 had durable memories of the virus up to eight months after infection." *Lasting immunity found after recovery from COVID-19*, NIH (Jan. 26, 2021), https://www.nih.gov/news-events/nih-research-matters/lasting-immunity-found-after-recovery-covid-19.

warrant compassionate release. *See, e.g.*, *United States v. Kaneshiro*, 2021 WL 1138058, at *3 (D. Haw. Mar. 24, 2021) ("The possible availability of the vaccine in the near future is therefore not something that this court can ignore in ruling on Kaneshiro's compassionate release request."); *United States v. Davis*, 2021 WL 1382119, at *2 (D.N.J. Apr. 12, 2021) ("As vaccine access expands to inmates at FDC Philadelphia, the risk that Davis will contract a serious case of COVID-19 continues to decrease.").

## IV. CONCLUSION

Accordingly, Defendant's Motion for Compassionate Release Pursuant to Section 3582(c)(1)(A)(i) and under Section 603 of the First STEP Act of 2018 / Related to the COVID-19 Pandemic (D.E. 32) is **DENIED**.

It is so **ORDERED** this 17th day of May, 2021.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE